IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ABEL LAGUNA,                         )
                                     )    2:10-cv-03137-GEB-CKD
              Plaintiff,             )
                                     )
       v.                            )    ORDER
                                     )
FOSTER POULTRY FARMS,                )
                                     )
              Defendant.             )
_____      )

         Defendant seeks summary judgment on the five claims which comprise Plaintiff's Complaint. Plaintiff only opposes the portion of the motion challenging his wrongful termination for whistle-blowing claim. Plaintiff states in his Opposition that he does not oppose dismissal of his claim for wrongful termination in violation of public policy which is alleged based on age, race, and national origin; therefore, this claim is dismissed.

         The undisputed facts determined under Local Rule 260(b) reveal the following facts. Plaintiff was terminated from employment with Defendant on July 10, 2009. (Pl.'s Resp. to Def.'s Statement of Undisputed Facts ("Pl.'s Resp. to Def.'s SUF") ¶ 59.) Plaintiff's employment was governed by a collective bargaining agreement ("CBA") between Defendant and the union to which Plaintiff belonged. (Id. ¶¶ 7-8.) The CBA authorized Defendant to create rules that did not conflict with the CBA. (Id. ¶ 15.)  One of the rules of conduct Defendant created concerned when employees had to be at their appointed work stations.

1  (Id. ¶ 15.)   The parties argument concerning whether Defendant had

2  grounds to terminate Plaintiff includes determining whether Plaintiff

3  breached this rule.  The CBA requires an employee with a dispute related

4  to his employment to utilize a grievance procedure in section 6 of the

5  CBA. (Id. ¶¶ 12, 60-63.) Following his termination, Plaintiff did not

6  complete this grievance procedure. (Id. ¶¶ 63-64.)

7          Rather, Plaintiff filed a complaint in the Superior Court for

8  San Joaquin County, California, which was removed to this federal court

9  based on federal question jurisdiction under § 301 of the Labor

10  Management Relations Act, 29 U.S.C. § 185 ("§ 301"). Defendant argues in

11  its motion that § 301 preempts Plaintiff's following state claims

12  because they arise from employment issues governed by the CBA: breach of

13  employment contract, breach of the implied covenant of good faith and

14  fair dealing, and intentional infliction of emotional distress ("IIED").

15  Plaintiff states in his Opposition that he "does not dispute Defendant's

16  motion as it relates to [these claims]." (Pl.'s Opp'n to Mot. for Summ.

17  J. ("Opp'n") 9:24-26.)

18                          **DISCUSSION**

19      **A. Breach of Contract, Breach of the Implied Covenant of Good Faith**

20              **and Fair Dealing, and IIED Claims**

21          "Section 301 preempts state law claims which are founded on

22  rights created by a [CBA], or which are 'substantially dependent on

23  analysis of a collective bargaining agreement.'" Cramer v. Consol.

24  Freightways, Inc., 209 F.3d 1122, 1129 (9th Cir. 2000). Here,

25  Plaintiff's breach of employment contract, breach of the implied

26  covenant of good faith and fair dealing, and IIED claims arise from the

27  CBA, since the undisputed facts and Plaintiff's complaint show that

28  Plaintiff's final discharge is alleged to result from Plaintiff's

2

misconduct involving how he recorded the time he worked. Since it is undisputed that "[r]esolution of [Plaintiff's] claims . . . necessarily entails examination and interpretation of the [CBA] . . .", these claims are preempted and governed by the CBA. <u>Stallcop v. Kaiser Found. Hosps.</u>, 820 F.2d 1044, 1049 (9th Cir. 1987).

However, as the Ninth Circuit has explained, Plaintiff's preempted state claims are supplanted with a "federal claim" under § 301. <u>See</u> <u>Bloom v. Universal City Studios, Inc.</u>, 734 F. Supp. 1553, 1561 (9th Cir. 1990) (recharacterizing plaintiff's preempted state law claims as a single claim under § 301), aff'd, 933 F.2d 1013 (9th Cir. 1991). Defendant argues it should be granted summary judgment on this § 301 claim, since Plaintiff failed to exhaust the applicable grievance procedure in the CBA. (Mot. 17:9-25, 19:16-20:24.) It is well-established that "[a]n employee seeking a remedy for an alleged breach of [a CBA] . . . must attempt to exhaust any exclusive grievance and arbitration procedures before he may maintain a suit against his . . . employer." O'Sullivan v. Longview Fibre Co., 993 F. Supp. 743, 747 (N.D. Cal. 1997) (quoting Clayton v. Int'l Union, United Auto, Aerospace & Agric. Implement Workers of Am., 451 U.S. 679, 681 (1981)).

Here, it is undisputed that Plaintiff failed to exhaust applicable remedies under the CBA before bringing this suit. (Pl.'s Resp. to Def.'s SUF ¶¶ 63-64.) Therefore, summary judgment is entered in favor of Defendant on Plaintiff's § 301 claim.

**B.   Wrongful Termination for Whistle-Blowing Claim and 28 U.S.C.**
        **§ 1367(c) Dismissal**

Defendant also argues it is entitled to summary judgment on Plaintiff's remaining wrongful termination for whistle-blowing claim. However, the merits of this portion of the motion will not be decided,

since the Court will not continue exercising supplemental jurisdiction over this state claim. Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state] claim" if "all claims over which it has original jurisdiction" have been dismissed. The "discretion [whether] to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), [and] is informed by the . . . values of economy, convenience, fairness and comity" as delineated by the Supreme Court in United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

Judicial economy does not favor continuing to exercise supplemental jurisdiction since time has not been invested analyzing Plaintiff's remaining state claim. See Otto v. Heckler, 802 F.2d 337, 338 (9th Cir. 1986) ("[T]he district court, of course, has the discretion to determine whether its investment of judicial energy justifies retention of jurisdiction or if it should more properly dismiss the claims without prejudice.") (citation omitted). Nor do the comity and fairness factors weigh in favor of exercising supplemental jurisdiction since "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Gibbs, 383 U.S. at 726. Therefore, Plaintiff's remaining state claim is remanded to the Superior Court of California in the County of San Joaquin, from which this case was removed.

## IV. CONCLUSION

For the reasons stated above, summary judgment is granted in Defendant's favor on Plaintiff's wrongful termination in violation of

public policy (age, race, and national origin) claim, and on Plaintiff's CBA claim. Therefore, judgment shall be entered in favor of defendant on these claims. Further, Plaintiff's remaining wrongful termination for whistle-blowing state claim is remanded to the Superior Court of California in the County of San Joaquin.

Dated:  November 10, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge